UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
DALE D. ANSTINE,
    Debtor

KEVIN S. WAGAMAN,
    Plaintiff

v.

DALE D. ANSTINE,
    Defendant

CHAPTER 7

Case No. 1-03-07303

Adv. No. 1-04-00063

FILED HARRISBURG PA
MAY 24 2004
Clerk, U.S. Bankruptcy Court

## OPINION

### Procedural History

Before the Court is Debtor's Motion for summary judgment on an adversary complaint filed by Kevin S. Wagaman ("Plaintiff"). Plaintiff holds a $30,000.00 statutory judgment against Debtor for injuries, including second and third degree burns to his face, chest and lungs, suffered in the course of his employment. At the time of his injuries, Plaintiff was employed by Debtor, who did not carry workers' compensation insurance as required by law. Plaintiff's complaint requests the Court to determine that his judgment against Debtor is nondischargeable under the provisions of 11 U.S.C. § 523.

Debtor filed the instant bankruptcy petition on December 11, 2003 listing Plaintiff as an unsecured creditor. Plaintiff filed the instant adversary on March 29, 2004. The complaint refers generally to § 523(a) and specifically cites the provision in § 523(c), which provides that the bankruptcy court has exclusive jurisdiction to determine the

1

dischargeability of debts described in paragraphs (2), (4), (6) and (15).[1] The complaint states that Plaintiff has a judgment based on a workers' compensation award, but it does not show the nexus between the award and the claim of nondischargeability.

On April 14, 2004, Debtor filed a motion for summary judgment arguing that Plaintiff "provides no basis by which his claim could be determined to be non-dischargeable under Section 523(a)." Debtor's motion accurately asserts that § 523(a) does not expressly provide that workers' compensation claims are nondischargeable. Therefore, Debtor argues, Plaintiff's complaint has no basis in law. Plaintiff responds that the basis for his complaint is found in § 523(a)(2),(4), (6) or (15).

Briefs have been filed on the Motion for summary judgment, and it is ready for decision.[2] Because the instant complaint is so unspecific, and in order to assist the parties in going forward on this matter, I will examine the allegations of the complaint under each paragraph of 11 U.S.C. § 523(a) cited by Plaintiff.

Rule 56 of the Federal Rules of Civil Procedure, made applicable to a bankruptcy case by virtue of Federal Rule of Bankruptcy Procedure 7056, provides that an order granting summary judgment "shall be rendered forthwith if the pleadings, depositions,

---

[1] Plaintiff does not specifically allege that paragraphs (2), (4), (6), and (15) provide grounds for finding that the debt is nondischargeable. He simply states that the bankruptcy court has exclusive jurisdiction to determine dischargeability under these paragraphs, which is a correct statement of law under 11 U.S.C. § 523(c).

[2] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is core pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). This Opinion constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure 7052.

2

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The pleadings now before the Court consist of the complaint and Debtor's answer, the instant motion and Plaintiff's answer, briefs on the summary judgment motion, and statements of material facts submitted by both parties.

## Discussion

One of the primary purposes of the Bankruptcy Code is to afford debtors a fresh start. Therefore, statutory exceptions to discharge are to be interpreted narrowly in favor of the debtor. *Gleason v. Thaw,* 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915); *In re Pelkowski*, 990 F.2d 737, 744 (3d Cir. 1993).

Plaintiff has suggested that four paragraphs of § 523(a) – namely paragraphs (2), (4), (6) and (15) – may provide support for his position that his worker's compensation award against Debtor is nondischargeable. Section 523(a)(15) provides that certain court awards resulting from divorce proceedings are nondischargeable. It is patently obvious that this paragraph does not apply to the facts described in Plaintiff's complaint. Therefore, to the extent that Plaintiff relies on 11 U.S.C. §523(a)(15), summary judgment is appropriate.

In pertinent part, § 523(a)(2) prohibits the discharge of debts "for money, property, [or] services ... to the extent obtained by false pretenses, a false representation or actual fraud." Courts examining debts for nondischargeability under this paragraph have required proof of the following factors:

3

> (1) debtor made false representations; (2) debtor knew at the time made (sic) that the representations were false; (3) representations were made with the intention and purpose of deceiving the creditor; (4) creditor reasonably relied on the representations; (5) creditor sustained the alleged injury as a proximate result of the representations having been made; and (6) debtor obtained, either directly or indirectly the lost property, services, or extension, renewal, or refinancing of credit.

*Carter v. Verhelst (In re Verhelst)*, 170 B.R. 657, 660 (Bankr. W.D. Ark. 1993), *citing, In re Kissinger*, 106 B.R. 180, 181 (Bankr. E.D. Ark. 1989); *In re Fritz*, 88 B.R. 434, 435 (Bankr. S.D. Fla. 1988). *See also, Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1373 (10th Cir.1996). The creditor's reliance must have been justifiable, *Field v. Mans*, 516 U.S. 59, 74-75, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995), and the creditor must have sustained a loss as a direct result of the representation. *Young*, 91 F.3d at 1373. "False pretenses" or "representations" are those knowingly and fraudulently made that give rise to the debt. *Driggs v. Black (In re Black)*, 787 F.2d 503, 506 (10th Cir.1986).

The failure to maintain workers' compensation insurance does not give rise to nondischargeability for false pretenses, false representations or fraud because the workers' compensation award sought to be excepted from discharge does not constitute "money, property or services" obtained by the debtor by means of a misrepresentation made with the intent to injure the creditor. In *Verhelst, supra*, an employee was injured while working for the debtor, who did not have workers' compensation insurance. After the employee obtained a judgment against the debtor for his injuries, the debtor filed a Chapter 7 petition. The bankruptcy court examined whether the debtor obtained "lost property, services, or extension, renewal, or refinancing of credit," which would make the debt nondischargeable. Finding the claim was based not on the funds received by debtor,

4

but on the compensation owed but not paid to the employee, the court determined the judgment was dischargeable. This reasoning finds support in *dicta* in the United States Supreme Court decision *Grogan v. Garner*, 498 U.S. 279, 282 (1991). In *Grogan*, the Court observed in a footnote that it did not consider "the question whether § 523(a)(2)(A) excepts from discharge that part of a judgment in excess of the actual value of money or property received by a debtor by virtue of fraud . . . . Arguably, fraud judgments in cases in which the defendant did not obtain money, property, or services from the plaintiffs and those judgments that include punitive damages awards are more appropriately governed by § 523(a)(6)." *Grogan*, 498 U.S. at 282, fn. 2 (citations omitted).

Similarly, in *Jefvert v. Gaylord (In re Gaylord)*, 1995 WL 376918 (Bankr. N.D. Ill.) a former employee brought a § 523 complaint against a debtor because the debtor did not have workers' compensation insurance when the employee was injured while working for the debtor. In the case before the state workers' compensation board, the debtor agreed to pay for the employee's medical expenses. The debtor failed to abide by the agreement and instead filed a Chapter 7 petition. The Bankruptcy Court for the Northern District of Illinois held that the debt was dischargeable and that § 523(a)(2) did not affect its dischargeability. The bankruptcy court reasoned that "Section 523(a)(2) does not automatically condemn all false representations. Instead, it condemns only representations made in connection with the creation of the debt." *Id.* at *2. The obligation to pay the employee's medical expenses arose prior to the agreement filed with the workers' compensation board. The false representation was made not in connection

5

with the creation of the debt, but in connection with the agreement "long after debtor's resulting liability had attached." *Id.* at 2.

Finally, in *Hillard v. Peel (In re Peel)*, 166 B.R. 735 (Bankr. W.D. Ok. 1994), the Bankruptcy Court for the Western District of Oklahoma reviewed a complaint in which an injured worker sought a declaration of nondischargeability for a workers' compensation award he obtained against a debtor. The debtor's actions were even more egregious than in the case at bar. The debtor not only failed to carry workers' compensation insurance, but also withheld approximately 7% of the worker's earnings based on a false representation that the funds were being used to purchase insurance coverage. (This withholding was also a violation of state law.) The bankruptcy court held that the workers' compensation award of approximately $17,500.00 was dischargeable. The only amount that was held to be nondischargeable was the amount that the debtor had unlawfully withheld from the employee's pay. Examining the use of the verb "obtained" in the phrasing of § 523(a)(2), the bankruptcy court held that the only sum the debtor received as a result of his false representations was the 7% wage withholding. Thus the focus of the inquiry was not the loss suffered by the employee, but the amount the debtor obtained through his false representations.

Plaintiff asserts that paragraph (a)(2) applies to this case because his services were obtained by false pretenses or fraud when he was hired by Debtor as an employee. Plaintiff's theory is that he "accepted an offer of employment from [Debtor] subject to his reasonable understanding that [Debtor] would operate his business in a lawful manner [but that Debtor] did not operate his business in a lawful manner in that he unlawfully

6

failed to insure the payment of workers' compensation . . . ." It does not appear that any of these facts are disputed by Debtor. But as the cases cited above illustrate, such facts do not make out a case under § 523(a)(2). Therefore, summary judgment is appropriate.

Next, Plaintiff seems to assert that his complaint finds support in § 523(a)(4), which renders nondischargeable debts "for fraud or defalcation while acting in a fiduciary capacity." Again, similar arguments have been rejected by other courts. In *In re Grzywacz*, 182 B.R. 176 (Bankr. E.D. Mich. 1995), the Bankruptcy Court for the Eastern District of Michigan dismissed a creditor/employee's complaint to have a workers' compensation award declared nondischargeable under § 523(a)(4). Quoting from *Black's Law Dictionary*, the bankruptcy court held that the term "defalcation" means simply "a misappropriation of money" and that the employer had clearly not misappropriated any money by failing to obtain workers' compensation insurance for his employees. Other courts have held that the term "fiduciary" contemplates a trust relationship and "applies only to technical or express trusts or to those imposed by statute, as opposed to those which arise out of equitable considerations or which are implied by law." *Gaylord*, 1995 WL 376918 at *2-3. *See also, Peel*, 166 B.R. at 738; *Verhelst*, 170 B.R. at 661; *In re France*, 138 B.R. 968 (Bankr. D. Colo. 1992); *Kraemer v. Crook*, 94 B.R. 207, 209 (Bankr. N.D. Ga. 1988), *aff'd mem.*, 873 F.2d 1406 (11th Cir. 1989). "A technical or express trust requires a specific agreement between the parties, demonstrating an intent to create a trust relationship . . . and a clearly defined trust res" *Gaylord,* 1995 WL 376918 at *2 - 3 (citations omitted). In most states, "workermen's compensation acts are designed to afford injured workers' an expeditious remedy both adequate and certain, and

7

independent of any negligence on . . . the part of the employer, [but] these objectives are insufficient to establish the type of trust relation contemplated by § 523(a)(4)." *Id.* at 3, *quoting, France,* 138 B.R. at 971. Since neither the complaint nor any of the pleadings in this case contain averments of fact or of law asserting that the Pennsylvania workers' compensation system creates an express or statutory trust to benefit employees, the Court finds that summary judgment in favor of the Debtor also is appropriate as to Plaintiff's claim under § 523(a)(4).

Finally, the Courts are split on the issue of whether the failure to carry workers' compensation insurance may constitute a willful and malicious injury to an employee for purposes of § 523(a)(6). Most courts that have considered this issue have determined that a debtor's obligation is dischargeable. *Gaylord,* 1995 WL 376918 at *3, *citing In re Walker,* 48 F.3d 1161, 1164 (11th Cir. 1995); *France,* 138 B.R. at 972; *In re Annan,* 161 B.R. 872 (Bankr. D. R.I. 1993); *In re Kemmerer,* 156 B.R. 806, 809 (Bankr. S.D. Ind. 1993); *In re Frias,* 153 B.R. 6 (Bankr. D. R.I. 1993); *In re Mazander,* 130 B.R. 534 (Bankr. E.D. Mo. 1991) (other citations omitted.) "These decisions focus on the lack of a direct causal link between the debtor's action - the failure to procure or maintain insurance - and the subsequent event that produced the plaintiff's injury and actually gave rise to the debt in issue." *Gaylord,* 1995 WL 376918 at *4. Conversely, "[t]he minority position often focuses upon the foreseeability that an employee will be injured on the job and, absent insurance, go without compensation." *Id.* at 5, *citing In re Strauss,* 99 B.R. 395, 400 (N.D. Ill. 1989); *Matter of Saturday,* 138 B.R. 132, 135 (Bankr. S.D. Ga. 1991). Absent binding precedent in the Third Circuit and acknowledging the split that exists

8

among the bankruptcy courts, I cannot conclude as a matter of law that Debtor is entitled to judgment. Therefore, insofar as Plaintiff intends to pursue his complaint that his debt should be found nondischargeable under § 523(a)(6), the motion for summary judgment will be denied.

BY THE COURT

MARY D. FRANCE
BANKRUPTCY JUDGE

HARRISBURG, PENNSYLVANIA

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: *
DALE D. ANSTINE, * CHAPTER 7
    Debtor *
 * Case No. 1-03-07303
KEVIN S. WAGAMAN, *
    Plaintiff *
 *
v. * Adv. No. 1-04-00063
 *
DALE D. ANSTINE, *
    Defendant *

## ORDER

AND NOW, this 24th day of May, 2004, the motion for summary judgment filed by the Defendant is granted insofar as the Complaint is based on 11 U.S.C. § 523(a)(2), (4) and (15). In respect to Plaintiff's claim under 11 U.S.C. § 523(a)(6), the motion for summary judgment is denied.

BY THE COURT

MARY D. FRANCE
BANKRUPTCY JUDGE

HARRISBURG, PENNSYLVANIA