IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| DALE D. ANSTINE, | * | Chapter 13 |
|     Debtor | * | |
| | * | Case No.: 1-03-07303MDF |
| KEVIN S. WAGAMAN, | * | |
|     Plaintiff | * | |
| | * | |
| v. | * | Adv. No.: 1-04-00063A |
| | * | |
| DALE D. ANSTINE, | * | |
|     Defendant | * | |
| | * | |

## OPINION

### Procedural History

Before the Court is a complaint to determine the dischargeability of a debt incurred by Dale D. Anstine ("Debtor") as a result of an injury to his former employee Kevin S. Wagaman ("Plaintiff"). The debt, a $30,000.00 statutory judgment, is based on Debtor's alleged failure carry workers' compensation insurance, as required by state law, at the time of Plaintiff's accident. The complaint originally filed in this case was poorly drafted, but was liberally interpreted by the Court as grounded on several subparagraphs of 11 U.S.C. §523(a). After a motion for summary judgment was filed by Debtor, the Court issued an Opinion and Order granting summary judgment as to all subparagraphs of Section 523(a) except subparagraph (6).

A hearing was held to determine dischargeability of the debt under Section 523(a)(6) on October 28, 2004. Prior to the hearing, the law firm who had filed the complaint, Smigel, Anderson & Sacks, LLP, withdrew from representation of Plaintiff. Plaintiff appeared at the

1

hearing *pro se.* Debtor filed a post trial brief on November 15, 2004. The matter is ready for decision.[1]

### Discussion

The Court hereby adopts by reference the Procedural History and Discussion contained in its Opinion on the motion for summary judgment.

In pertinent part, 11 U.S.C. §523(a)(6) provides as follows:

(a) A discharge under 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt
> * * * *
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. §523(a)(6).

The burden of proof in a case under §523(a)(6) rests on the creditor/plaintiff. *In re Graham,* 973 F2d 1089, 1101 (3d Cir. 1992). The Court of Appeals for the Third Circuit has adopted a strict interpretation of § 523(a)(6). "An injury is willful and malicious under the Code only if the actor purposefully inflicted the injury or acted with substantial certainty that injury would result." *In re Conte*, 33 F.3d 303, 305 (3d Cir. 1994). Even a deliberate action that has a high probability of producing harm is not considered willful and malicious. *Id*. at 307. "Willfulness requires more than a highly likely but unintended result of the debtor's action." *In re Brown*, 201 B.R. 411, 415 (Bankr. W.D. Pa. 1996), *citing, Conte,* 33 F.3d at 307. "[F]or the injury to have been 'willed' by the debtor, it must at least have been substantially certain to result

---

[1] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A),(I) and (O). This Opinion constitutes the findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052.

from the debtor's act." *Conte*, 33 F.3d at 307.

As indicated in the Court's Opinion on the motion for summary judgment, the majority of courts have found that a debtor's failure to maintain workers' compensation insurance does not provide sufficient grounds to deny the discharge of a debt arising from an employment-related injury. *In re Walker*, 48 F.3d 1161 (11th Cir. 1995); *Szewczyk v. Wojtaszek,* 164 B.R. 604 (N.D. Ill. 1994); *In re France*, 138 B.R. 968 (Bankr. D. Colo. 1992); *In re Brown,* 201 B.R. 411 (Bankr. W.D. Pa. 1996); *In re Gaylord*, 1995 WL 376918 *3 (Bankr. D. Ill.); *In re Brock*, 186 B.R. 292 (Bankr. N.D. Ga. 1995); *In re Grzywacz*, 182 B.R. 176 (Bankr. E.D. Mich 1995); *In re Leahy*, 10 B.R. 10 (Bankr. D. Me. 1994); *In re Annan*, 161 B.R. 872 (Bankr. D. R.I. 1993); *In re Kemmerer*, 156 B.R. 806 (Bankr. S.D. Ind. 1993); *In re Mazander*, 130 B.R. 534 (Bankr. E.D. Mo. 1991; *In re Collins*, 109 B.R. 541 (Bankr. D. Mass. 1989).

Most courts find these debts to be dischargeable because of the lack of a direct causal link between the debtor's failure to maintain insurance coverage and the subsequent event that causes the plaintiff's injury and creates the debt. *In re Gaylord,* 1995 WL 376918 *3. "The minority position often focuses on the foreseeability that an employee will be injured on the job and, absent insurance, go without compensation." *Id. citing, In re Strauss,* 99 B.R. 395, 400 (N.D. Ill. 1989); *In re Saturday*, 138 B.R. 132, 135 (Bankr. S.D. Ga. 1991).

In the instant case, Debtor asserted the Fifth Amendment privilege in response to all questions posed at trial. Therefore, there was no direct evidence presented to prove that he did not have the requisite insurance. Thus, the first issue is whether there was sufficient evidence presented to establish that Debtor failed to maintain workers' compensation insurance at the time Plaintiff was injured. Plaintiff testified that he was injured while working as Debtor's employee

3

and was required to file a lawsuit to collect reimbursement for his work-related injuries. In the Statement of Material Facts submitted by Debtor in support of his Motion for Summary Judgment, Debtor admitted that Plaintiff obtained a judgment against Gemmill's Recycled Auto Parts in the York County Court of Common Pleas arising from a workers' compensation claim.[2] This evidence is supported by Debtor's invocation of the Fifth Amendment privilege in response to the question on direct examination of whether he carried such insurance.

In a civil proceeding, the law does not forbid adverse inferences against civil litigants who refuse to testify on Fifth Amendment grounds. *Baxter v. Palmigiano,* 425 U.S. 308, 318, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976); *U.S. v. Stelmokas*, 100 F.3d 302, 326 (3rd Cir. 1996); *Mulero-Rodríguez v. Ponte, Inc.,* 98 F.3d 670, 678 (1st Cir.1996). "The rule that adverse inferences may be drawn from Fifth Amendment silence in civil proceedings has been widely recognized by the circuit courts of appeals .... *LaSalle Bank Lake View v. Seguban* 54 F.3d 387, 390 (7th Cir. 1995), *citing, RAD Services, Inc. v. Aetna Casualty & Surety Co.,* 808 F.2d 271, 274-75, 277 (3d Cir. 1986); (other citations omitted). A debtor's Fifth Amendment rights "would be violated if the failure to testify *alone* were taken as an admission of guilt." *LaSalle Bank*, 54 F.3d at 390 (emphasis in the original). Therefore, based upon Plaintiff's testimony, admissions in the filed documents, and proper inferences drawn from Debtor's failure to testify, I conclude that Debtor did not carry the proper insurance at the time of Plaintiff's injury.

There is, however, no evidence to suggest that Debtor intended to cause an injury to Plaintiff by failing to carry workers' compensation insurance or that the failure to provide

---

[2]Debtor listed the judgment claim against Gemmill's Recycled Auto Parts as an unsecured, non-priority claim in his bankruptcy schedules.

4

insurance created a substantial certainty of producing injury to the Plaintiff. *See Conte*, 33 F.3d at 307. Debtor's failure to carry workers' compensation coverage for his employees was an illegal act, but the Bankruptcy Code's exceptions to discharge are narrowly drawn. To prevail, Plaintiff had to show by a preponderance of the evidence that Debtor's failure to maintain insurance was not only wrongful, but also one taken with substantial certainty of producing injury. Plaintiff was unable to produce any evidence that the Debtor's failure to provide insurance was intended to injury him or that there was a substantial certainty that if Plaintiff had a work-related accident, he would not be compensated for his injuries. *Contra In re Saturday*, 138 B.R. at 136-37. (The failure to carry workers' compensation insurance necessarily leads to the employee's injury unless the employer pays the claim.)

Plaintiff testified that when he interviewed for the job the issue of workers' compensation insurance was not discussed. Plaintiff simply assumed that Debtor carried the appropriate coverage since he was required to do so by law. Thus, although the lack of coverage was proven, Debtor's actions simply could have been negligent (e.g. his policy lapsed due to oversight in paying a premium). Even if there were sufficient evidence to find that Debtor intentionally did not carry proper insurance, to conclude that the instant debt should be nondischargeable I would be compelled to follow the reasoning of the minority position. I would have to find that the injury inflicted on Plaintiff was the failure to carry insurance rather than the injuries which arose from the burns Plaintiff received. Given the strict interpretation of Section 523(a)(6) required by the Third Circuit, and with great reluctance, I find I must reject the minority position.

For this reason, I am compelled to conclude that Plaintiff has not sustained his burden under 11 U.S.C. § 523(a)(6). Therefore, Plaintiff's complaint must be dismissed. An appropriate Order will be entered.

BY THE COURT,

Mary D. France
Bankruptcy Judge

Date: December 23, 2004

*This electronic opinion is signed and filed on the same date.*